UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. JONES, #193539,

       Plaintiff,

v.

Case No. 4:17-cv-13975
Honorable Linda V. Parker

CITY OF DETROIT,

       Defendant.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFF LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE; (2) DISMISSING COMPLAINT WITHOUT PREJUDICE; (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S PENDING MOTIONS; AND (4) FINDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

Michigan prisoner Anthony D. Jones ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against the City of Detroit challenging the validity of his 2015 arrest, which he asserts was done without a warrant and without probable cause. Plaintiff seeks monetary damages. Plaintiff filed an application to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). Having reviewed the matter, the Court denies Plaintiff leave to proceed without prepayment of the filing fee, dismisses without prejudice the civil rights complaint pursuant to 28 U.S.C. § 1915(g), and concludes that an appeal from this decision

1

cannot be taken in good faith.

Under the Prison Litigation Reform Act ("PLRA") of 1996, a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, this "three strikes" provision requires the court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff has filed more than three prior civil actions which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g., Jones v. Napoleon, et al.,* No. 15-cv-13302 (E.D. Mich. Jan. 8, 2016); *Jones v.*

2

*Gagniuk*, No. 15-cv-12898 (E.D. Mich. Sept. 18, 2015); *Jones v. Bush, et al.*, No. 06-cv-00066 (W.D. Mich. April 11, 2006); *Jones v. McGinnis*, No. 96-cv-00034 (W.D. Mich. April 25, 1996); *Jones v. McGinnis*, No. 95-cv-00550 (W.D. Mich. Oct. 3, 1995); *Jones v. Hinds*, No. 95-cv-00113 (W.D. Mich. July 5, 1995); *Jones v. Caruso*, No. 95-cv-00060 (W.D. Mich. Oct. 11, 1995); *Jones v. Mich. Dep't of Corr.*, No. 94-cv-00194 (W.D. Mich. Feb. 10, 1995); *Jones v. Mich. Dep't of Corr. Psych. Svs.*, No. 94-cv-00193 (W.D. Mich. Feb. 6, 1995); *Jones v. Mich. Dep't of Corr. Hrg. Div.*, No. 94-cv-00192 (W.D. Mich. Feb. 8, 1995); *Jones v. Alger*, No. 93-cv-00057 (W.D. Mich. March 26, 1993); *Jones v. Chartrand*, No. 92-cv-00219 (W.D. Mich. Dec. 28, 1992); *Jones v. Stine*, No. 92-cv-00204 (W.D. Mich. Oct. 22, 1992). Plaintiff has also previously been denied leave to proceed without prepayment of the filing fee for having three strikes. *See Jones v. Wayne Cty.*, No. 16-cv-13748 (E.D. Mich. Nov. 1, 2016); *Jones v. Sherry, et al.*, No. 06-cv-00182 (W.D. Mich. Dec. 12, 2006); *Jones v. City of Detroit*, No. 03-cv-74579 (E.D. Mich. Dec. 1, 2003).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee for this civil action unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and the danger of serious physical

injury must exist when the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient. *Id*. Plaintiff neither alleges nor establishes that he is under imminent danger of serious physical injury to fall within the exception to the three strikes rule. Therefore, he may not proceed without prepayment of the filing fee and this case must be dismissed.

For these reasons, the Court **DENIES** Plaintiff leave to proceed without prepayment of the filing fee for this action and **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new case with full payment of the $350.00 filing fee and the $50.00 administrative fee. In light of the dismissal of this action, Plaintiff's pending motions (ECF Nos. 4-6) are **DENIED WITHOUT PREJUDICE**. Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3). This case is closed.

    **SO ORDERED**.

Dated: January 11, 2018        s/Linda V. Parker
                                                          U.S. District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2018, by electronic and/or ordinary mail.

                        s/Julie Owens acting in the Absence of Richard Loury
                        Case Manager, (313) 234-5135