UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY D. JONES, #193539,

       Plaintiff,

v.

       Civil Case No. 4:17-CV-13975
       Honorable Linda V. Parker

CITY OF DETROIT,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND POST-JUDGMENT MOTIONS

Michigan prisoner Anthony D. Jones ("Plaintiff") filed a pro se civil rights complaint, as well as an application to proceed without prepayment of the $350.00 filing fee (and without payment of the $50.00 administrative fee) for this action. The Court denied Plaintiff's application to proceed without prepayment of the filing fee pursuant to the three strikes rule, 28 U.S.C. § 1915(g), and dismissed the complaint without prejudice. The matter is now before the Court on Plaintiff's motion for reconsideration of that decision, as well as his additional post-judgment motions to amend caption, to amend relief, to consolidate, and to amend summary judgment.

Plaintiff's motion for reconsideration must be denied. A motion for reconsideration which presents issues already ruled upon by the district court,

either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(h)(3); *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Such is the case here. The Court properly denied Plaintiff's application to proceed without prepayment of the filing fee under the three strikes rule based upon his prior filings and his failure to show that he is under imminent danger of serious physical injury, as explained in the Court's opinion.

In his motion, Plaintiff asserts that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule. To fall within that exception, a prisoner must allege that the threat or prison condition is "real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception. *Id.*; *see also Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011). The allegations must also be sufficiently serious to allow a court to draw a reasonable inference that the danger exists. *Vandiver v. Prison Health Svs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). Conclusory, ridiculous, or clearly baseless assertions are insufficient to

2

invoke the exception. *Taylor v. First Med. Mgt.*, 508 F. App'x 488, 492 (6th Cir. 2012); *Rittner*, 290 F. App'x at 798.

Plaintiff does not allege facts indicating that he is under imminent danger of serious physical injury. Rather, he merely states that he is in daily danger due to his confinement with other prisoners. Such an allegation is insufficient to show that Plaintiff is under imminent danger of serious physical injury. *See, e.g., Clark v. Morgan*, No. 2:15-cv-10994, 2015 WL 1541890, *2 (E.D. Mich. April 7, 2015) (citing *Threatt v. Davenport*, No. 1:13-cv-421, 2013 WL 1831803, *3 (W.D. Mich. April 30, 2013) (prisoner's claim that he was in imminent danger because he was housed with violent offenders and gang bangers was "far too speculative" to fall within the exception)). Plaintiff's concerns about his safety are conclusory and speculative. Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule. *Id*. (citing *Thompson v. Sampson*, No. 1:10-cv-231, 2010 WL 1027897, *2-3 (W.D. Mich. March 18, 2010)).

Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

Given the foregoing determination, the Court also **DENIES** as moot Plaintiff's additional post-judgment motions to amend caption, to amend relief, to consolidate, and to amend summary judgment.

This case remains closed. No further pleadings should be filed in this matter.

**SO ORDERED**.

S/Linda V. Parker
Denise Page Hood
United States District Court Judge

Dated: February 1, 2018


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 1, 2018, by electronic and/or ordinary mail.

s/Julie Owens acting in the absence of Richard Loury
Case Manager